Narcisse **LUFKINS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 76–1205.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 24, 1976.

Decided Sept. 29, 1976.

---

1. Privileges created by state law are, of course, applicable in a diversity action. *See* Rule 501, *Federal Rules of Evidence.*

L. R. Gustafson, Britton, S.D., for appellant.

William F. Clayton, U.S. Atty., and Robert D. Hiaring, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Narcisse Lufkins appeals from the denial of his motion, under 28 U.S.C. § 2255, to vacate his jury conviction for second degree murder. The sole question presented by the appeal is whether the land on which the crime was committed was in "Indian country," thereby making the crime a federal offense under 18 U.S.C. § 1153.

"Indian country" is defined to be "all Indian allotments, the Indian titles to which have not been extinguished * * *." 18 U.S.C. § 1151. It is undisputed that the offense occurred within the boundaries of the former Lake Traverse Reservation, on Section 16 of Township 126 North, Range 52 West in South Dakota. Nor is there any dispute that the described section was allotted to an Indian in 1888 and that, as of the date of the offense, the Indian title had not been extinguished.

Appellant's argument that the land on which the offense was committed is not "Indian country" is based upon § 30 of the Act of March 3, 1891, ch. 543, 26 Stat. 1036, 1039, which ratified the agreement of 1889 between the United States and the Sisseton and Wahpeton bands of Sioux Indians. Under § 30 of this Act, the 16th and the 36th sections of the lands ceded by the tribe to the United States were to be reserved for common school purposes and subject to the laws of South Dakota. Since the offense occurred within the 16th section, the appellant argues that the state, and not the federal government, had criminal jurisdiction. The appellant's argument fails because the Agreement of 1889 only ceded unallotted Indian lands. *DeCoteau v. District County Court,* 420 U.S. 425, 428, 95 S.Ct. 1082, 43 L.Ed.2d 300 (1975). The particular tract of land was allotted to an Indian prior to the Agreement of 1889 and, thus, was never ceded to the United States. Because the land was never in the public domain, it was, therefore, never dedicated to the state for common school purposes.

Since the offense occurred in Indian country, federal jurisdiction was properly exercised. Thus, we affirm the District Court's denial of appellant's motion for an order vacating his conviction and sentence.